UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILMER ONIRT SANCHEZ-TAPIAS,

    Petitioner,

v.　　　　　　　　　　　　　　　　Case No.: 2:26-cv-00309-SPC-DNF

KRISTI NOEM *et al.*,

    Respondents,
_____/

# OPINION AND ORDER

Before the Court are Wilmer Onirt Sanchez-Tapias's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Sanchez-Tapias's reply (Doc. 5). For the below reasons, the Court grants the petition.

Sanchez-Tapias is a native and citizen of Venezuela who entered the United States on November 14, 2021. He promptly encountered Department of Homeland Security ("DHS") officials, who issued a notice to appear ("NTA") and released him on an order of recognizance. The NTA was not filed with an immigration court until January 1, 2026. Sanchez-Tapias has no criminal history and a pending asylum application. He was arrested on December 6, 2025, when he reported to an Immigration and Customs Enforcement ("ICE") office for a scheduled check-in. He is currently detained at Glades County Detention Center without an opportunity to seek release on bond. Sanchez-

Topias argues his detention violates the Fifth Amendment, the Immigration and Nationality Act ("INA"), and the Administrative Procedures Act.[1]

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Sanchez-Tapias. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Sanchez-Tapias asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

---

[1] Sanchez-Topias raises a new basis for relief in his reply—that he has temporary protected status ("TPS") and cannot be detained. A habeas petitioner generally cannot raise a new claim in a reply brief. What is more, the exhibits to his reply show that he applied for renewal of TPS on January 28, 2025, not that the application was granted. He has not established that he currently has TPS.

2

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Sanchez-Tapias's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Sanchez-Tapias has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[2]

The Court will thus order the respondents to either bring Sanchez-Tapias before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review is the agency that schedules bond hearings. To be clear, subjecting Sanchez-Tapias to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Sanchez-Tapias receives the

---

[2] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), which agreed with the government's interpretation of the INA. The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Wilmer Onirt Sanchez-Tapias's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)   Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Sanchez-Tapias for an individualized bond hearing before an immigration judge or (2) release Sanchez-Tapias under reasonable conditions of supervision.  If the respondents release Sanchez-Tapias, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record